Filed 4/12/21 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EARL HOFFMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B306360<br>(Super. Ct. No. 2011035385)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 16, 2021, be modified as follows:

1. On page 2, second full paragraph, insert the following sentence at the end of the paragraph:

"We are not equipped to decide Hoffman's arguments regarding his perceived flaws in the Static 99-R test relating to age. These mental health issues should be directed to the mental health community."

There is no change in judgment.

Appellant's petition for rehearing is denied.

_____

GILBERT, P.J.            YEGAN, J.            TANGEMAN, J.

Filed 3/16/21 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EARL HOFFMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B306360<br>(Super. Ct. No. 2011035385)<br>(Ventura County) |

     Old age!  As John Steinbeck would say, "bastard Time" is always ticking.  (Steinbeck, Sweet Thursday (1954) Penguin Books, p. 19.)  And for some people, as it ticks, the person may mature, learn, and grow, and perhaps grow out of sexual deviancy.  But there are others who may not mature, learn, and grow, and grow out of sexual deviancy.  Here, for example, appellant is a 74-year-old self-admitted child molester, who, in a moment of candor, said that he could not guarantee that he would not molest another child upon release.

     Appellant was found to be a sexually violent predator (SVP) after trial by the court.  (Welf. & Inst. Code, § 6600 et seq.)  His sole contention on appeal is that the evidence was, and is, insufficient as a matter of law because, currently, he is just too

old to pose "a serious and well-founded risk" of sexually reoffending upon release. (E.g., *People v. Roberge* (2003) 29 Cal.4th 979, 986.) The trial court, sitting as the trier of fact, determined to the contrary. As we explain, traditional appellate rules dictate that we affirm. To reverse, we would have to impermissibly substitute our judgment for that of the trial court.

Appellant has an extensive history of sexual deviancy, including numerous convictions for sexual offenses against children. But he has not reoffended for 30 years. Why not? He has been imprisoned and/or deprived of his freedom by civil commitment for 30 years. There is no need to elongate this opinion and recount the factual history leading to appellant's 19 separate arrests, most of them involving sexual aggression against children. We recite one example of such aggression. In 1988, appellant accosted a 16-year-old female riding a moped. He told her he was a scout for models. Although he was an adult and the victim was a complete stranger, he sexually penetrated her vagina with his finger.

Five psychologists offered opinions concerning his qualifying as an SVP. They were unanimous in the opinion that appellant met the SVP commitment criteria. However, two of the psychologists opined that appellant was just too old to support the opinion that he posed "a serious and well-founded risk" of sexually reoffending upon release. One psychologist said that appellant's age was the "paramount issue," and as a person ages, he loses his sexual aggressiveness. The other psychologist said that if appellant were younger, he would be an SVP but "age" is "huge." Thus, both of these psychologists opined that appellant should not be committed as an SVP.

Appellant has declined treatment for 20 years and does not think that he needs treatment. He has also refused to be interviewed by forensic psychologists on occasion. If there is an "attitude test" at the SVP program, appellant has surely flunked it.

Appellant attempts to convince us that the evidence is insufficient to support the SVP determination. "'A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the . . . verdict. [Citation.]' [Citation.]" (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.) Here, three experts have opined that appellant, at age 74, still poses a serious and well-founded risk of sexually reoffending upon release. While a person may "slow down" with age, it does not necessarily follow that interest in sexual deviancy slows down. And we cannot so hold as a matter of law. We hold that "old age," standing alone, does not relieve a person from SVP commitment. It is *a* factor to be considered by mental health professionals and the trier of fact in coming to an SVP determination.

If we were to credit appellant's claim, at age 74, all SVP's would be released. We take appellant at his word: "[N]obody can predict what I can do in the future. Not even I can." "[P]eople in here think I'm a rapist because I'm aggressive in sports. But I'm a child molester." The trial court believed appellant to the extent that he might molest another child upon release. This credibility determination, coupled with expert testimony, leads to but one rational conclusion on appeal.

The judgment (order of SVP commitment) is affirmed.
<u>CERTIFIED FOR PUBLICATION.</u>


YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

4

Anthony T. Sabo, Judge

Superior Court County of Ventura

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.